Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLEE SPANGENBERG<br><br>    Plaintiff,<br><br>    v.<br><br>ASSET ACCEPTANCE, LLC, a Delaware Corporation; and Gavin Doe and Jane Doe, individually and the marital community,<br><br>    Defendants. | Case No.: CV-13-059-TOR<br><br>COMPLAINT<br><br>(JURY DEMANDED) |

Plaintiff Kellee Spangenberg, through her attorney, Kirk D. Miller of *Kirk D. Miller, P.S.* alleges the following:

I. COMPLAINT

1.1.    This is an action for damages and remedies against Asset Acceptance, LLC (hereinafter "Asset") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

COMPLAINT -1

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendants conduct affairs and transact business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. PARTIES

3.1. Plaintiff Kellee Spangenberg is a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2. Plaintiff Kellee Spangenberg is a natural person.

3.3. The Defendant alleged that Kellee Spangenberg was obligated to pay a debt.

3.4. Plaintiff Kellee Spangenberg is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

COMPLAINT -2

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

3.5.    The alleged debt was an obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.6.    Defendant Asset is a collection agency that is not licensed to conduct business in the state of Washington.

3.7.    Defendant Asset attempted to collect a "debt" as defined by FDCPA 15 U.S.C. §1692a(5).

3.8.    Defendant Asset regularly uses the telephone in its attempts to collect debts.

3.9.    Defendant Asset uses instrumentalities of interstate commerce or the mails in its business.

3.10.   Defendant Asset uses the mail in its attempts to collect debts.

3.11.   Defendant Asset is a Delaware corporation engaged in the business of collecting debts that are originally owed to another.

3.12.   Defendant Asset regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.13.   Defendant Asset is a "debt collector" as defined by the FDCPA 15 U.S.C. §1692a(6).

3.14.   Defendant Gavin Doe's last name will be identified through discovery.

COMPLAINT -3

3.15. Defendant Gavin Doe is the employee of Defendant Asset that called Plaintiff's place of employment on January 4, 2013.

3.16. Defendant Gavin Doe uses instrumentality of interstate commerce, including the telephone or the mails, in the course and scope of his employment at Defendant Asset, in his attempts to collect debts.

3.17. Defendant Gavin Doe is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

3.18. All acts and omissions by Gavin Doe were performed on behalf of his employer, Asset.

3.19. All acts alleged of Gavin Doe were done on his own behalf, on behalf of Defendant Asset, and on behalf of the Gavin Doe and the marital community.

3.20. Defendant Asset is jointly and severably liable for the acts and omissions of its agents, Defendant Gavin Doe, through the doctrine of respondent superior.

## IV. FACTS

4.1. Asset alleged that sometime prior to July 12, 2011, Plaintiff incurred a debt with FIA Card Services, N.A .

4.2. Asset alleged that it is now the owner of the alleged debt.

COMPLAINT -4

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

4.3. The alleged debt is an obligation incurred primarily for personal, family or household purposes.

4.4. On January 4, 2013, Gavin Doe called Plaintiff's place of employment.

4.5. On January 4, 2013, Gavin Doe spoke on the telephone with an third party who works at Plaintiff's place of employment and who is not the Plaintiff.

4.6. The third party with whom Gavin Doe spoke on January 4, 2013 is not the Plaintiff's spouse, guardian, executor, administrator, attorney, or a consumer reporting agency.

4.7. The third party with whom Gavin Doe spoke on January 4, 2013 is not the creditor, attorney of creditor, or attorney of the debt collector.

4.8. Plaintiff never authorized Gavin Doe or Asset to communicate with any third party for any purpose.

4.9. On January 4, 2013, Gavin Doe was advised by the third party that the person with whom he was speaking was not the Plaintiff.

4.10. Gavin Doe knew that the third party was not the Plaintiff.

4.11. Gavin Doe's January 4, 2013 call to Plaintiff's place of employment was an attempt to collect a debt.

COMPLAINT -5

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

4.12. Gavin Doe's January 4, 2013 call to Plaintiff's place of employment was a "communication" as defined by 15 USC §1692a(2).

4.13. Gavin Doe's January 4, 2013 call to Plaintiff's place of employment was not an attempt to obtain location information.

4.14. Gavin Doe did not state at any time during his January 4, 2013 call to Plaintiff's place of employment that he was confirming or correcting location information concerning the Plaintiff.

4.15. Gavin Doe disclosed to the third party that he was calling on behalf of defendant Asset.

4.16. Gavin Doe's disclosure to a third party that he works for Asset and was trying to reach the Plaintiff is an indirect disclosure to a third party that the Plaintiff owes a debt.

4.17. Asset is a nationally known debt collector.

4.18. The third-party employee with whom Gavin Doe spoke on January 4, 2013 knew on January 4, 2013 that Asset is a debt collector.

4.19. Gavin Doe requested that the third party relay a message to the Plaintiff to call him back.

4.20. Gavin Doe provided the third party with a phone number for defendant Asset.

4.21. The third party with whom Gavin Doe spoke on January 4, 2013 advised Plaintiff that Gavin at Asset requested a return phone call from Plaintiff.

4.22. The third party with whom Gavin Doe spoke on January 4, 2013 informed Plaintiff that Asset is a debt collector.

4.23. Plaintiff suffered negative emotions as a result of Gavin Doe disclosing to a third party that he works for a known debt collection company.

4.24. As a result of Gavin Doe's January 4, 2013 communication, Plaintiff suffered negative emotions including anxiety, embarrassment and anger.

## V. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1. Asset communicated with a third party in connection with the collection of an alleged debt and in violation of 15 USC § 1692c(b).

5.2. The debt collector, Defendant Asset, through its own acts, by and through its agent and employee, and through its policies and procedures, has violated the FDCPA which has caused damage to Plaintiff.

COMPLAINT -7

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

# VI. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

6.1. Actual damages;

6.2. Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1).

6.3. Statutory damages against each of the Defendants in the amount of two thousand dollars ($2000.00), pursuant to the FDCPA 15 U.S.C. § 1692k(a)(2)(A).

6.4. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

6.5. For such other and further relief as may be just and proper.

/////

/////

/////

DATED this 5th day of February, 2013.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller
WSBA #40025
Attorney for Plaintiff